UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN HUNTER,

            Plaintiff,                      Case No. 1:22-cv-11246

v.                                              Honorable Thomas L. Ludington
                                                United States District Judge

UNITED STATES OF AMERICA,

                                                Honorable Patricia T. Morris
            Defendant.                 United States Magistrate Judge
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO CONFIRM SETTLEMENT, DIRECTING THE RELEASE OF SETTLEMENT FUNDS, AND DIRECTING CLOSING DOCUMENTS**

      In November 2019, Plaintiff John Hunter was riding his bicycle in Saginaw, Michigan when he was struck by a United States Postal Service truck. So Plaintiff sued the United States alleging it was negligent under the Federal Tort Claims Act and violated the Michigan Insurance Code. The Parties attended a settlement conference in October 2023, during which the Parties agreed that the United States would pay Plaintiff $17,500 in full satisfaction of Plaintiff's claims. These terms were read onto the record, in open court, before Magistrate Judge Patricia T. Morris. However, after the conference, for reasons unknown, Plaintiff's Counsel has been unable to contact Plaintiff to secure his signature on subsequent settlement documents, despite numerous attempts. Accordingly, in February 2024, Plaintiff's Counsel filed an unopposed motion to "confirm" or enforce the terms of the settlement agreement. Because the agreement's terms were read onto the record in open court in accordance with Michigan Court Rules, Plaintiff's Counsel's Motion will be granted.

## I.

Plaintiff John Hunter was hit by a United States Postal Service truck while riding his bicycle in Saginaw, Michigan, on November 14, 2019. ECF No. 15 at PageID.51. Plaintiff accordingly sued the United States alleging it was negligent under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1) (Count I); and violated Michigan's Insurance Code, MICH. COMP. LAWS § 500.3135 (Count II). *Id.* at PageID.50–54.

On October 26, 2023, the Parties attended a settlement conference before Magistrate Judge Patricia T. Morris and informed this Court that, as a result, they reached a $17,500 settlement. *See* ECF Nos. 23 at PageID.78; 24 at PageID.79. This Court accordingly directed the Parties to submit closing documents by December 15, 2023. ECF No. 23.

But closing documents were never submitted. Instead, on February 19, 2024—three months after the initial deadline to file closing documents, Plaintiff's Counsel filed a motion seeking to enforce the settlement agreement. ECF No. 24 at PageID.79. Plaintiff's Counsel explained that, although Plaintiff was present at the October 26, 2023 settlement conference, he has not yet signed any written settlement agreement because he has been unreachable since the conference. ECF No. 24 at PageID.79–80 (noting Plaintiff's Counsel has tried, unsuccessfully, "to contact [Plaintiff] through mail, phone calls, and email" and noting public records do not reveal that Plaintiff has passed away since the October settlement conference). Accordingly, citing MCR 2.507(G),  Plaintiff's Counsel asks this Court to:

> (1) [C]onfirm the settlement per the agreement between the parties;
> (2) [A]llow [Plaintiff's Counsel] to sign the [settlement] release on behalf of the Plaintiff; [and]
> (3) Order . . . the funds [be distributed] pursuant to the settlement agreement.

ECF No. 24 at PageID.82. The United States responded that it "takes no position" on Plaintiff's Counsel's Motion. ECF No. 25 at PageID.84.

## II.

At their core, settlement agreements are contracts. Federal courts accordingly defer to state contract law when analyzing settlement agreement validity or resolving settlement agreement enforcement issues. *Bamerilease Cap. Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992); *see also Planned Parenthood Greater Memphis Region v. Dreyzehner*, No. 3:12-CV-00139, 2013 WL 1092462, at *8 (M.D. Tenn. Mar. 13, 2013).

Under Michigan law, a settlement agreement—like all contracts—"requires mutual assent or a meeting of the minds on all essential terms[.]" *Deep Harbor Condo. Ass'n v. Marine Adventure, LLC*, No. 360185, 2023 WL 4539867, at *3 (Mich. Ct. App. 2023). In more concrete terms, "a contract requires an offer and then an acceptance of that offer that is both 'unambiguous and in strict conformance with the offer[.]'" *Id.* (quoting *Kloian v Domino's Pizza LLC*, 733 NW2d 766, 771 (Mich. Ct. App. 2006)). But settlement agreements—unlike other contracts—must also comply with Michigan Court Rule 2.507 to be enforceable. *Dabish v. Gayar*, 997 N.W.2d 463, 466 (Mich. Ct. App. 2022). Under this rule, a settlement agreement containing the parties' mutual assent is enforceable only if (1) made in "open court" or (2) reduced to writing and "subscribed by the party against whom the agreement is offered or by that party's attorney." *See id.*; Mich. Ct. R. 2.507(G).

Here, the Parties have apparently not executed a signed, written settlement agreement because Plaintiff has been unreachable since the October 2023 settlement conference. *See generally* ECF Nos. 24; 25. But Plaintiff's Counsel, with no objection from the United States, nevertheless seek to enforce the agreement per the express terms agreed to, on the public record,

*during* the October 2023 settlement conference, which Plaintiff attended. *Id.* The two-minute recording[1] of the October 2023 settlement conference reflects the following:

> **Judge Morris:** So, we have just been engaged in a settlement conference which has gone really well . . . the Parties are very helpful with one another and this has been one of the most pleasant settlement conferences I think I've ever done . . . so I want to thank you all for your hard work. Would either [Defense Counsel or Plaintiff's Counsel] like to place the settlement on the record?
>
> **Plaintiff's Counsel:** Defendant agrees to resolve this case for $17,500.
>
> **Judge Morris:** Okay and are there any clarifications that you'd like to say about that or [Defense Counsel] do you have anything?
>
> **Defense Counsel:** Just that the United States will prepare its standard . . . settlement agreement and forward it to [Plaintiff's Counsel] for review but just to make clear this settlement is in full satisfaction of [Plaintiff's claims] against the United States for the car accident he was involved in with a United States Postal Service truck and that this settlement is for his benefit and essentially resolves his pain and suffering claims . . .
>
> **Judge Morris:** Yes thank you very much, [Defense Counsel] and thank you [Plaintiff's Counsel]. So I think that's all we have for today, thank you again. It was a pleasure meeting all of you and I'm glad everything worked out well.

Upon review of the record, a meeting of the minds existed between Plaintiff, his Counsel, and the United States to settle the above-captioned case for $17,500. Further, this mutual assent was placed on the record in open court, after all Parties participated in the October 26, 2023 settlement conference. Thus, although Plaintiff has been unreachable since, and has not signed a written settlement agreement, the settlement read onto the record in open court is enforceable under Mich. Ct. R. 2.507(G) and Michigan contract law. *See Brooks v. Brooks*, No. 345168, 2020 WL 698284, at *2 (Mich. Ct. App. 2020) (enforcing non-written settlement agreement because "the terms of the parties' settlement agreement became binding and enforceable when they were read in open court" and noting a party's "subsequent refusal to sign . . . did not negate" the settlement

---

[1] The MP3 recording of the October 2023 settlement conference is on file with this Court.

agreement's validity or enforceability); *In re Est. of Gjebic*, No. 359760, 2023 WL 2717475, at *2 (Mich. Ct. App. 2023) ("Under MCR 2.507(G) the settlement agreement was subscribed to by [the party's] attorney, it was on the record, and it was enforceable."); *In re Guardianship of Layton*, No. 359851, 2022 WL 3329067, at *8 (Mich. Ct. App. 2022), *appeal denied*, 986 N.W.2d 902 (Mich. 2023) ("He agreed to [a] settlement in open court, which made his agreement binding under MCR 2.507(G), even if he did not sign it.").

### III.

Accordingly, it is **ORDERED** that Plaintiff Counsel's Motion to Confirm Settlement, ECF No. 24, is **GRANTED.**

Further, it is **ORDERED** that Plaintiff's Counsel is **DIRECTED** to authorize the release of the funds pursuant to the terms of the settlement agreement read on the record in open court.[2]

Further, it is **ORDERED** the Parties are **DIRECTED** to submit closing documents via the Utilities, Proposed Order function of CM/ECF **on or before July 31, 2024.**

Dated: June 10, 2024                                             s/Thomas L. Ludington
                                                                 THOMAS L. LUDINGTON
                                                                 United States District Judge

---

[2] As the Government points out, attorney's fees are capped at 25% of "any settlement" reached on FTCA claims. 28 U.S.C. § 2678; *see also* ECF No. 25 at PageID.84. Any attorney's fees award Plaintiff's Counsel may be entitled to should be capped accordingly.